# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 1 C 8822 | DATE | 2/4/2004 |
| CASE TITLE | U.S.A. ex rel Jeremy Jones vs. Dennis Hockaday | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny the Section 2254 petition for writ of habeas corpus brought by Petitioner Jeremy Jones. This is a final and appealable order. This case is terminated. It is so ordered.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 05 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 19 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | '04 FEB -5 AM 8:08 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. JEREMY JONES, <br><br> Petitioner, <br><br> v. <br><br> DENNIS HOCKADAY, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) No. 01 C 8822 <br> ) <br> ) Wayne R. Andersen <br> ) District Judge <br> ) <br> ) |

MEMORANDUM, OPINION AND ORDER

DOCKETED
FEB 0 5 2004

This case is before the Court on the petition of Jeremy Jones for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition for habeas corpus is denied.

BACKGROUND

Petitioner does not challenge the statement of facts set forth in the order of the Illinois Appellate Court affirming his first degree murder conviction. *People v. Jones*, No. 1-96-3841 (1999). For purposes of federal habeas review, "a determination of a factual issue made by a *State* court shall be presumed to be correct." 28 U.S.C. § 2254(e). Accordingly, we will adopt the facts as our own.

The evidence presented at trial established that Petitioner was a member of the Blackstone street gang. On May 10, 1995, Petitioner and two of his friends were chased by members of a rival gang, the Gangster Disciples, after the three exited a bus at the CTA terminal located at 95th Street and the Dan Ryan expressway in Chicago, Illinois. Thereafter, Petitioner went to the home of a fellow gang member and obtained a .22-caliber gun before returning to the

vicinity of the CTA terminal. While standing in the vacant lot across the street from the station, Petitioner announced that he was "going to pop one of them." Petitioner than crossed the street to the station and joined a group who was discussing a peace treaty between the Blackstones and the Gangster Disciples. The victim, Octavius Seabron, walked up and joined this group. When the other members of the group began shaking hands, Petitioner refused, threw his hands up into the air, and walked away.

Mr. Seabron called Lynnecia Reid over to the group and asked her for a hug. He then took a couple of steps away from the group and turned to face Ms. Reid. While Mr. Seabron was hugging Ms. Reid, Petitioner shot him in the back of the head and shoulder. Mr. Seabron died of multiple gunshot wounds.

Petitioner testified that just before he fired the gun, there was a crowd of Gangster Disciples approaching him, yelling and screaming, and he heard something that sounded like a gunshot. This evidence was not corroborated by any of the other witnesses who testified at trial.

On September 6, 1996, after a jury trial in Cook County, Illinois, Petitioner was convicted of one count of first degree murder. Petitioner was sentenced to a term of 50 years imprisonment. Petitioner appealed his conviction to the Illinois Appellate Court, First Judicial District. In his appellate brief, Petitioner raised the following issues: 1) the prosecution failed to prove his guilt beyond a reasonable doubt; 2) he was deprived of the effective assistance of counsel; and 3) the sentence was excessive. The Illinois Appellate Court affirmed Petitioner's conviction on February 19, 1999. Petitioner did not file a petition for leave to appeal to the Illinois Supreme Court.

Petitioner filed a post-conviction petition in the Illinois Circuit Court of Cook County. In his post-conviction petition, he alleged solely that he was denied his constitutional right to effective assistance when trial counsel failed to initiate or pursue plea negotiations. On January 23, 1998, the Circuit Court of Cook County issued a written order denying Petitioner's post-conviction petition, specifically finding that Petitioner's claim was without merit.

Petitioner appealed to the Illinois Appellate Court. In this appeal of the denial of his post-conviction petition, Petitioner argued that he received ineffective assistance of counsel when counsel failed to pursue plea negotiations. The Illinois Appellate Court affirmed the denial of Petitioner's post-conviction petition.

Petitioner filed a petition for leave to appeal to the Illinois Supreme Court. In his petition for leave to appeal, Petitioner argued that he was denied due process and his Sixth Amendment right to counsel when counsel failed to conduct plea negotiations. The Illinois Supreme Court denied the petition for leave to appeal.

Petitioner then filed the instant petition for writ of habeas corpus in this Court. In his habeas petition, Petitioner claims that he received ineffective assistance of counsel and was denied his Fourteenth Amendment due process rights and his Sixth Amendment right of counsel when counsel failed to conduct any plea negotiations.

## DISCUSSION

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2245(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir. 1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc) ("[F]ederal courts can

3

grant habeas relief only when there is a violation of federal statutory or constitutional law."). The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *See Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (*quoting Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985).

In this case, exhaustion is not an issue. Respondent concedes that Petitioner has exhausted his state court remedies for purposes of federal habeas review because he has no further avenues in state court through which to challenge his conviction.

4

I. Merits Of Petitioner's Claim

   A. Standard of Review

Based on the discussion above, Petitioner has properly preserved his claim of ineffective assistance of counsel due to counsel's alleged failure to conduct plea negotiations. Although Petitioner did not raise this claim on direct appeal, he raised it in his post-conviction petition, on appeal to the Illinois Appellate Court from the denial of his post-conviction petition, and again in a petition for leave to appeal to the Illinois Supreme Court.

Title 28, United States Code, Section 2254(d) governs the consideration of any claim adjudicated by a state court on its merits. Under that statute, we may grant habeas relief only if the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(2)(1). Under subsection (d)(2), habeas relief is possible if the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" in the state court.

The Supreme Court, in *Williams v. Taylor*, 529 U.S. 362 (2000), attempted to clarify the applicable standard of review within the meaning of section 2254. The Court noted that the act does not explicitly prescribe a recognizable standard of review for applying either of the statutory clauses. *Id.* at 385. Recognizing the need for further clarification and direction to lower courts, the Supreme Court concluded that the "[the act] plainly sought to ensure a level of 'deference to the determinations of state courts,' as long as those decisions do not conflict with federal law or apply federal law in an unreasonable way." *Id.* at 376. Additionally, the Supreme Court

5

determined that, in passing the statute, "Congress wished to curb delays, to prevent 'retrials' on federal habeas petitions and to give effect to state convictions to the extent possible under the law. When federal courts are able to fulfill these goals within the bounds of the law, [the statute] instructs them to do so." *Id.* Therefore, this Court is directed to apply a deferential review of the state court decision unless it is determined that the state court violated federal law.

B. Ineffective Assistance Of Counsel

Petitioner claims that he was denied the effective assistance of counsel. To render constitutionally effective assistance of counsel under the Sixth Amendment, counsel's performance must satisfy the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* sets forth a two-prong analysis for determining ineffectiveness of counsel: 1) a showing that counsel's performance was deficient; and 2) a showing that the deficient performance prejudiced the defendant. *Id.* at 678. In order to prevail on his claim of ineffectiveness under the first prong of the *Strickland* test, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Id.* In reviewing the challenged conduct, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* To satisfy the prejudice prong of the *Strickland* test, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different. *Id.* This Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* Rather, "[i]f it is easier to dispose of an ineffective assistance of counsel claim based on the ground of lack of sufficient prejudice, which . . . will often be so, that course should be followed." *Id.*

6

In this case, Petitioner maintains that he was denied effective assistance of counsel due to counsel's failure to pursue plea negotiations. Petitioner now argues that the State courts decided Petitioner's claim in a manner that was contrary to existing federal precedent. Specifically, Petitioner argues that the State courts denied Petitioner's post-conviction petition based on the erroneous beliefs that "whether [trial] counsel enters into negotiations with the State is totally in the hands of the lawyer and totally a matter of trial strategy" and that a defendant "has no right to plea bargain." Petitioner does not dispute that the prosecution has the right to chose not to engage in plea negotiations with a defendant. Instead, Petitioner argues that there is no evidence that the State would not have been interested in plea negotiations and that Petitioner's case is the type of case that is usually involved in plea negotiations.

We find that the Illinois courts correctly applied federal law in this case. The Circuit Court analyzed Petitioner's post-conviction petition using *Strickland v. Washington*, 466 U. S. 668 (1984). The Circuit Court found that, to prevail on an ineffectiveness claim, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness and that the defendant was prejudiced as a result. Clearly, the Circuit Court reviewed Petitioner's post-conviction petition using the correct standard. The court noted that Petitioner did not demonstrate that the prosecution would have entertained plea discussions. Finally, when analyzing the instant case using the prejudice prong of *Strickland*, the court found that Petitioner was unable to demonstrate that he had suffered any prejudice. Ultimately, the court found that Petitioner failed to supply the court with sufficient "factual basis to support the contention that the result would have been different had counsel initiated and pursued plea negotiations." (*People v. Jeremy Jones*, 95 CR 16841, Rule 23 Order, p.8). Therefore, the court stated that in

7

order to find that prejudice existed, the court would have to engage in speculation which the court would not do. The Circuit Court then concluded that Petitioner's post-conviction petition was without merit.

Petitioner appealed to the Illinois Appellate Court, First District, which affirmed the denial of Petitioner's post-conviction petition. Although the Illinois Appellate Court affirmed the denial of Petitioner's post-conviction without citing *Strickland v. Washington*, the Court employed the *Strickland* analysis. Specifically, the court stated that "in order to establish ineffective assistance of counsel, a defendant must show that counsel made serious errors and that but for his deficient performance, the result of the proceeding would have been different." *People v. Jones*, 1-98-1993, slip op. at 4, (*citing, People v. Coleman*, 183 Ill.2d 366, 383 (1998)).

The Illinois Appellate Court found that an attorney's failure to engage in plea negotiations does not necessarily constitute ineffective assistance of counsel. Federal courts have also held the same. *See Beans v. Black*, 757 F.2d 933, 937 (8th Cir. 1985) (defense counsel does not always a duty to initiate a plea bargain), *citing, Hackman v. Parratt*, 661 F.2d 1161 (8th Cir. 1981), *See also United States v. Boone*, 62 F.3d 323, 327 (10th Cir. 1995)(defendant was not denied effective assistance of counsel for trial counsel's failure to negotiate a plea without a showing that the prosecution was willing to negotiate).

The Illinois Appellate Court also found that deciding whether to pursue plea negotiations is a matter of trial strategy. Similarly, the United States Court of Appeals for the Seventh Circuit has stated that "the successful negotiation of a plea agreement involves issues beyond the control of counsel." *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000). Additionally, the appellate court implied that trial counsel's strategy was to contend that Petitioner was acting in

self defense, and perhaps that strategy might not be best served by negotiating with the prosecution. Ultimately, the appellate court found that Petitioner was unable to prove that he had been prejudiced by trial counsel's alleged failure to attempt to negotiate a plea. The court found that there was no indication that the prosecution was willing to negotiate a plea with Petitioner. Thus, the Illinois courts' decisions were not contrary to clearly established federal law.

We find that Petitioner's claim of ineffective assistance of counsel must fail. There is no credible evidence that Petitioner asked his counsel to approach the government regarding a plea. Petitioner's assertion that he would have engaged in plea negotiations is conclusory and speculative at best and, indeed, could be advanced in any habeas proceeding in an attempt to establish prejudice. Significantly, there is nothing in the record to suggest that the State offered, or was willing to entertain, plea negotiations with Petitioner. Moreover, although Petitioner engages in a great deal of speculation about what could have happened if plea negotiations had taken place, Petitioner has clearly failed to demonstrate that he was caused actual prejudice due to counsel's failure to negotiate a plea agreement.

For all of these reasons, Petitioner's claim of ineffective assistance of counsel must fail, and his petition for habeas corpus is denied.

## CONCLUSION

For the foregoing reasons, we deny the § 2254 petition for writ of habeas corpus brought by Petitioner Jeremy Jones. This is a final and appealable order. This case is terminated. It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 4, 2004